**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TODD LEVON,

        Petitioner,

v.                                          Case No. 07-13771
                                           Hon. Lawrence P. Zatkoff

L.C. EICHENLAUB,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING MOTION FOR ALTERNATIVE RELIEF**

I.      Introduction

      Todd Levon ("Petitioner"), a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence, namely the Bureau of Prisons' ("BOP") policies concerning placement in a residential reentry center ("RRC"), also known as a community corrections center ("CCC"), or halfway house. Specifically, Petitioner challenges the validity and application of a 2002 BOP policy memorandum and BOP regulations 28 C.F.R. §§ 570.20 and 570.21, which became effective in 2005. Petitioner seeks appropriate consideration for RRC placement and seeks immediate transfer to such placement or to home confinement for 24 months or the remainder of his sentence. At the time he instituted this action, Petitioner was confined at the Federal Correctional Institution in Milan, Michigan, ("FCI Milan") where Respondent is the warden. During the pendency of this case, however, Petitioner has been transferred to the Federal Correctional Institution in McKean, Pennsylvania ("FCI McKean"). *See*

Bureau of Prisons Inmate Locator. Petitioner has a projected release date of September 30, 2011. *Id*.

II. Discussion

This matter is before the Court on Respondent's pleading entitled "Suggestion of Mootness" in which Respondent contends that the instant petition has been rendered moot by the enactment of the Second Chance Act of 2007, Pub. L. No. 110-199, signed into law on April 9, 2008. Respondent contends that the Second Chance Act amends the BOP's statutory authority for making RRC placements, effectively invalidates the former policies and regulations, and applies to all inmates who have not yet been transferred to a RRC. Petitioner has filed a response to the suggestion of mootness, along with a motion for alternative relief.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,'" not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Additionally, when a challenged regulation has been superseded by a new regulation, "the issue of validity of the old regulation is moot, for this case has lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law." *Princeton Univ. v.*

*Schmid*, 455 U.S. 100, 103 (1982) (per curiam) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)). A claim for habeas relief also becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g.*, *Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *accord Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998).

This Court agrees with Respondent that the instant petition has been rendered moot by the enactment of the Second Chance Act to the extent that Petitioner challenges the validity and application of the BOP's 2002 policy and 2005 regulations concerning his RRC placement. Those policies and regulations are no longer in effect and are no longer applicable to Petitioner. Several federal courts have held that the Second Chance Act renders claims challenging the BOP's former policies and regulations moot. *See, e.g.*, *McGavock v. Berkebile*, No. 3-08-CV-9-P, 2008 WL 4540185, at *2 (N.D. Tex. Oct. 8, 2008) (adopting magistrate judge's report); *Ryno v. Berkebiele*, No. 3:08-CV-0277-G, 2008 WL 2717181, at *2 (N.D. Tex. July 10, 2008). Simply put, the Court cannot grant Petitioner any further relief on his claims challenging the BOP's 2002 and 2005 policies and regulations. Such claims have been rendered moot by the Second Chance Act and the BOP's updated policies and regulations.

In his response to the suggestion of mootness, Petitioner challenges the validity of the Second Chance Act and asserts that its application violates the Ex Post Facto Clause of the United States Constitution. Any such claims, however, are not currently before the Court and are premature as the Second Chance Act has not yet been applied to Petitioner. *See, e.g.*, *Steeples v. Augustine*, No. 4:08cv39-WS, 2008 WL 4443829, at *2 (N.D. Fla. Sept. 26, 2008) (adopting magistrate judge's report finding that Second Chance Act claims were premature). Further, Petitioner has not shown that he has exhausted his administrative remedies as to any Second Chance Act claims. It is well-

established that a petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. June 18, 2003); *Bailey v. Hemingway*, No. 01-72188, 2001 WL 1525269, at *2 (E.D. Mich. Aug. 9, 2001) (listing available remedies). Petitioner's claims challenging the Second Chance Act are thus premature, unexhausted, and not ripe for review. The Court shall therefore dismiss those claims without prejudice to the filing of a habeas action in the appropriate federal court following the BOP's application of the Second Chance Act to Petitioner and his exhaustion of administrative remedies.

In his response, Petitioner also asserts that his request for immediate RRC placement or home confinement (for the remainder of his sentence) has not been rendered moot by the passage of the Second Chance Act. Even assuming that this is true, however, the Court cannot grant Petitioner such relief as the Court lacks jurisdiction over his current custodian. A habeas corpus petition brought under 28 U.S.C. § 2241 must be filed in the district having jurisdiction over the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 499-500 (1973); *In re Hanserd*, 123 F.3d 922, 925 (6th Cir. 1997). Ordinarily, if a district court has proper jurisdiction when a habeas petition is filed, a subsequent transfer of the prisoner will not defeat habeas jurisdiction. *See White v. Lamanna*, 42 Fed. Appx. 670, 671 (6th Cir. 2002). This remains true, however, only so long as an appropriate respondent with custody remains in the district. *See Braden*, 410 U.S. at 495-99 (Section 2241 jurisdiction lies both in the district of actual physical confinement and in the district where the court can serve process on the custodian); *Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998). Although Petitioner was incarcerated in Milan, Michigan, at the time he instituted this action, he is now incarcerated in McKean, Pennsylvania. FCI Milan is located in the North Central Region of the

BOP. FCI McKean is located in the Northeast Region of the BOP. Petitioner's transfer out of this district and to a different BOP region means that the Court no longer has jurisdiction over his custodian. Because the Court lacks jurisdiction over Petitioner's custodian, it cannot grant him the relief he seeks in his petition. *See McDaniel v. Driver*, No. 5:07CV133, 2008 WL 4279463, at *5 (N.D. W.Va. Sept. 17, 2008) (adopting magistrate judge's report finding that federal court lacked jurisdiction over federal inmate's RRC claims following his transfer to facility outside the court's jurisdiction); *Strong v. Sanders*, Case No. 2:05CV00288 GH (E.D. Ark. Jan. 13, 2006) (order transferring § 2241 petition concerning RRC placement to this district where federal inmate was transferred to FCI Milan during the pendency of his petition). Petitioner's claims seeking immediate RRC placement or home confinement must therefore be dismissed for lack of jurisdiction. This dismissal is without prejudice to the filing of such a claim in the appropriate federal court.

III.    Conclusion

For the reasons stated, the Court concludes that Petitioner's claims challenging the validity and application of the BOP's 2002 and 2005 policies and regulations concerning his RRC placement are moot and that his challenges to the Second Chance Act are premature and unexhausted. The Court also concludes that it lacks jurisdiction to over Petitioner's current custodian and thus cannot rule on his request for immediate RRC placement, home confinement, or other relief. Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus and **DENIES** Petitioner's motion for alternative relief. This case is closed.

**IT IS SO ORDERED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2008

5

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 29, 2008.

                                        S/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290